UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

WERONIKA E.K. JANCZUK,

                              *Plaintiff,*

          – against –

UNITED STATES OF AMERICA (USA);
NEW YORK (NY) STATE; CONNECTICUT
(CT) STATE; MDC BROOKLYN; FEDERAL
DEFENDERS OF NEW YORK (FDNY);
SYLVIE LEVINE,

                              *Defendants.*

**MEMORANDUM & ORDER**
24-cv-03128 (NCM) (LB)

WERONIKA E.K. JANCZUK,

                              *Plaintiff,*

          – against –

USA; USA DOJ,

                              *Defendants.*

24-cv-03141 (NCM) (LB)

**NATASHA C. MERLE**, United States District Judge:

    *Pro se* plaintiff Weronika Janczuk filed the above-captioned actions against

defendants United States of America; USA DOJ; New York State; Connecticut State; MDC

Brooklyn; Federal Defenders of New York; and Sylvie Levine.[1] Compl., ECF No. 1. The

Court grants plaintiff's applications to proceed *in forma pauperis* ("IFP"), App. Proceed

---

[1]    The Court notes that plaintiff recently filed five other actions. *See Janczuk v. USA, et al.*, No. 24-cv-03655; *Janczuk v. USA*, No. 24-cv-03654; *Janczuk v. United States of America (USA) et al.*, No. 24-cv-03260; *Janczuk v. United States, et al.*, No. 24-cv-03268; *Janczuk v. United States*, No. 24-cv-03092.

IFP, ECF No. 2,[2] and consolidates the actions for the purpose of this Order.[3] For the reasons stated below, the complaints are **DISMISSED** without prejudice, and the Court grants plaintiff leave to file amended complaints within thirty (30) days.

BACKGROUND

A. _Janczuk v. United States of America et al._, No. 24-cv-03128 (NCM) (LB)

Plaintiff alleges that while she was detained at the Metropolitan Detention Center, Brooklyn ("MDC") between January 11, 2022 to January 29, 2024, she was denied access to the courts by being, "denied resources to guarantee the formal filing of a lawsuit" in violation of the First Amendment to the United States Constitution. Compl. at 2, 5.[4] Plaintiff states that on several occasions she drafted and sent "legal paperwork . . . to the attorney's office," which office "never responded" and "never provided access points for the filing of a formal suit." Compl. at 5. Plaintiff claims that these documents "included content that would have shifted cognitions during federal proceedings." Compl. at 5. Plaintiff further alleges that "[t]wo years in prison passed WITHOUT formal indictment by a grand jury, WITHOUT a formal plea entered by Janczuk, WITHOUT a trial,

---

[2]     Plaintiff has filed IFP applications at ECF No. 2 on each of the above-captioned dockets.

[3]     By letter dated May 6, 2024, plaintiff requested that the Court "formally determine which thread of cases to proceed[] with by closing the extraneous thread," referring to the case transferred from the Southern District of New York, No. 24-cv-03128, and the action filed in the Eastern District of New York, No. 24-cv-03141. Letter, No. 24-cv-03128, ECF No. 10. The Court notes that plaintiff may seek voluntary dismissal by filing a notice of dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) should she wish to close either of these cases.

[4]     The Court notes that plaintiff's detention at MDC relates to a criminal case in the United States District Court for the Southern District of New York. _See USA v. Janczuk_, No. 24-cr-00010 (S.D.N.Y.).

WITHOUT access to an academic psychiatrist, WITHOUT access to a social worker," and circumstances "suggesting systemic abuse." Compl. at 8 (emphasis in original).

Plaintiff states that she suffered the following injuries as a result of these alleged actions: "years of systemic medical-psychiatric torture," "years without access to professional and economic life;" and "years without proportionately cognitively-, affectively-, and what she calls 'skykiographically'-aware . . . medical-psychiatric, social work, legal, and other support." Compl. at 6. Plaintiff seeks "a government-sanctioned TABULA RASA" and $17 billion in damages. Compl. at 6.

B. _Janczuk v. USA et al._, No. 24-cv-03141 (NCM) (LB)

Plaintiff alleges that "the federal government charged & violated due process." Compl. at 4. Plaintiff further claims that "[t]he USA gov't took in leading, perjuring scaffolding; induced psychiatric torture; failed to open investigation" and "impairs life, freedom & happiness disproportionately." Compl. at 5. Plaintiff seeks relief in the form of "A) Tabula Rasa"; "B) All records contract[] archived"; and "C) All records wiped." Compl. at 6.

**DISCUSSION**

A plaintiff's complaint must include "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought[.]" Fed. R. Civ. P. 8(a). Rule 8 requires a "short and plain" factual statement so that each defendant has a "fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." _Harnage v. Lightner_, 916 F.3d 138, 141 (2d Cir. 2019) (internal quotation marks and citation omitted). However, non-attorney _pro se_ litigants are not expected to meet the standards for formal pleadings drafted by lawyers.

3

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007). If it is possible that "a valid claim might be stated," the Court should give the *pro se* plaintiff an opportunity to amend the complaint. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted).

Because federal courts are limited in the subject matter of cases they can hear, Rule 8 also requires plaintiffs to assert the basis for the Court's jurisdiction. There are two types of federal subject matter jurisdiction: federal question jurisdiction, which requires a claim based on a federal law, *see* 28 U.S.C. § 1331, and diversity jurisdiction, which requires a lawsuit with a value of greater than $75,000 and in which no defendant resides in the same state as the plaintiff, *see* 28 U.S.C. § 1332. If the Court "determines it lacks subject matter jurisdiction," it must "'dismiss the complaint in its entirety.'" *Do No Harm v. Pfizer Inc.*, 96 F.4th 106, 121 (2d Cir. 2024) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) and citing U.S. Const. art. III, § 2).

I.   <u>Sovereign Immunity</u>

Federal courts generally lack subject matter jurisdiction over claims against the United States federal government and its agencies pursuant to a judicial doctrine called "sovereign immunity." *Adeleke v. United States*, 355 F.3d 144, 150 (2d Cir. 2004) ("[T]he United States may not be sued without its consent[.]") (citation omitted). Unless plaintiff can demonstrate that defendants United States of America, the United States Department of Justice ("DOJ"), and/or MDC, which is a federal facility, have waived their sovereign immunity, the Court lacks jurisdiction over this action. *See id.* Because plaintiff has not done so here, these claims are dismissed.

Similar to the federal government's sovereign immunity, state governments and their agencies generally cannot be sued in federal court pursuant to the Eleventh Amendment to the United States Constitution. *Nat'l R.R. Passenger Corp. v. McDonald*,

779 F.3d 97, 100 (2d Cir. 2015) ("The Eleventh Amendment bars suits against a state in federal court unless that state has consented to the litigation."). A state may only be sued in federal court if it has waived its own immunity, or if Congress has limited the state's immunity. *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009); *see also Virginia Off. for Prot. & Advoc. v. Stewart*, 563 U.S. 247, 254 (2011) ("[A]bsent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State."). Because there is no indication of waiver or abrogation here, the Court lacks jurisdiction over plaintiff's claims against the states of New York and Connecticut.

II.    <u>Attorney Defendants</u>

To the extent plaintiff seeks to assert constitutional claims against the Federal Defenders of New York and attorney Sylvie Levine, an employee of the Federal Defenders of New York, regarding their representation of plaintiff in a criminal case, those claims must be dismissed.

Plaintiffs may seek relief for alleged violations of their constitutional rights pursuant to 42 U.S.C. § 1983 ("Section 1983"). *Morris-Hayes v. Bd. of Educ. of Chester Union Free Sch. Dist.*, 423 F.3d 153, 158 (2d Cir. 2005) (Section 1983 "authorizes actions to enforce the rights of individuals under federal statutes as well as under the Constitution."). However, the federal constitution generally protects against infringement by government, rather than private, actors. *Grogan v. Blooming Grove Volunteer Ambulance Corps*, 768 F.3d 259, 263 (2d Cir. 2014) ("[T]he United States Constitution regulates only the Government, not private parties[.]") (citation omitted). A Section 1983 claim must therefore be brought against government actors, or private parties that acted "under color of state law." *Smulley v. Liberty Mut. Holding Co., Inc.*, No. 22-cv-01158, 2023 WL 2494098, at *2 (2d Cir. Mar. 14, 2023).

Public defenders "are not deemed government actors." *McBryde-O'Neal v. Lenox*, No. 24-CV-0620, 2024 WL 622281, at *2 (S.D.N.Y. Feb. 14, 2024) (collecting cases); *see also Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."). This is because, while public defender offices are "funded by the state," public defenders "act[] according to the best interests of the client with no obligation to the mission of the state." *Milan v. Wertheimer*, 808 F.3d 961, 964 (2d Cir. 2015) (internal quotation marks and citations omitted). Because defendants Federal Defenders of New York and Levine did not operate as a government actor when representing plaintiff as her counsel, plaintiff has failed to state a constitutional claim against those defendants.

III.   <u>Leave to Amend</u>

*Pro se* litigants should be liberally granted leave to replead. *See Grullon v. City of New Haven*, 720 F.3d 133, 139–140 (2d Cir. 2013). The Court should allow a *pro se* plaintiff leave to amend its pleading "at least once" so long as "a liberal reading of the complaint gives any indication that a valid claim might be stated" if "reframe[d]." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation marks and citations omitted). However, where the grounds for dismissal are "substantive" such that "better pleading will not cure" them, the Court should not grant leave to amend because amendment would be "futile." *Id.*

Plaintiff's complaints generally do not indicate clear causes of action in compliance with Federal Rule of Civil Procedure 8, which requires a "short and plain" factual statement so that each defendant has a "fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery."

6

*Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. 2019) (internal quotation marks and citation omitted). Plaintiff is granted leave to amend her complaints in both actions in order to comply with the requirements of Rule 8.

Furthermore, because plaintiff's allegations suggest that her constitutional rights were violated at MDC, which is a federal facility, the Court liberally construes the complaint in 24-cv-03128 as attempting to state a claim pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) ("*Bivens*"). In *Bivens,* the Supreme Court "recognized for the first time" that plaintiffs could sue federal officers for money damages resulting from an alleged violation of constitutional rights. *Correctional Services Corp. v. Malesko,* 534 U.S. 61, 66 (2001); *see also Higazy v. Templeton,* 505 F.3d 161, 169 (2d Cir. 2007). A plaintiff seeking to assert a *Bivens* claim must allege facts showing each individual defendant's "direct involvement" in the alleged constitutional deprivation. *See Nwaokocha v. Hagge*, 47 F. App'x 55, 56 (2d Cir. 2002) (summary order); *see also MC Mgmt. of Rochester LLC v. Biden*, No. 23-cv-01086, 2024 WL 2350505, at *1 (2d Cir. May 23, 2024) ("*Bivens* claims are only authorized against defendants in their individual capacities[.]") (internal quotation marks and citation omitted).

Although the Court makes no finding as to whether plaintiff would succeed in bringing a *Bivens* claim against MDC officers, it is possible that she may be able to state a viable claim. For this reason and in light of the Court's duty to liberally grant leave to amend, the Court grants plaintiff leave to amend her complaint in 24-cv-03128. However, the Court cautions plaintiff that the Supreme Court has rarely recognized a *Bivens* claim in recent years. *See Ziglar v. Abbasi*, 582 U.S. 120, 131 (2017) ("[T]hree cases—*Bivens*, *Davis*, and *Carlson*—represent the only instances in which the Court has approved of an

implied damages remedy under the Constitution itself."); *Edwards v. Gizzi*, 107 F.4th 81, 84 (2d Cir. 2024) (Park, J., concurring) ("In short, although the Supreme Court has never overruled *Bivens*, it has tightly cabined it. Over the past forty years, the Court has rejected every attempt to expand *Bivens* that has come before it—twelve times in all, including as recently as 2022.").

## CONCLUSION

For the reasons set forth above, the complaints are **DISMISSED** without prejudice. 28 U.S.C. § 1915(e)(2)(B). The Court finds that any appeal would not be taken in good faith and therefore IFP status is denied for purpose of an appeal. 28 U.S.C. § 1915(a)(3); *see Coppedge v. United States*, 269 U.S. 438, 445 (1962).

The Court grants plaintiff leave to file amended complaints within thirty (30) days of this Order. Plaintiff may contact the City Bar Justice Center's Federal Pro Se Legal Assistance Project at (212) 382-4729 to make an appointment for free, confidential, limited-scope legal assistance at the Brooklyn Federal Courthouse. If plaintiff chooses to file amended complaints, the submissions should each be labeled "Amended Complaint" and include the full docket number. Plaintiff should include a short, plain statement of the relevant facts supporting her claim(s) and explain how each defendant injured plaintiff. Plaintiff should name defendants who were personally involved in the events giving rise to her claims and provide the dates and locations for each allegation.

If plaintiff does not file amended complaints within thirty (30) days or fails to request an extension of time to do so, the Clerk of Court shall be directed to enter judgment and close the cases. The Clerk of Court is respectfully directed to mail a civil complaint form to plaintiff and to note the mailing on the dockets.

**SO ORDERED.**

_/s/ Natasha C. Merle_
NATASHA C. MERLE
United States District Judge

Dated:      September 30, 2024
            Brooklyn, New York